UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KAMERON CRAWFORD,<br><br>　　　　　　　　　Petitioner. | Case No. 3:16-cv-00131-RCJ-WGC<br><br>**ORDER** |

## **I. BACKGROUND**

On March 7, 2016, Kameron Crawford (Petitioner) filed a Verified Petition to Perpetuate Testimony pursuant to Federal Rule of Civil Procedure 27 (Petition). (Electronic Case Filing (ECF) No. 1.) On April 12, 2016, the court entered an order setting the Petition for a hearing on May 25, 2016. (ECF No. 4.) The court advised Petitioner that pursuant to Rule 27, at least twenty-one days before the hearing date, he was required to serve each expected adverse party with a copy of the Petition and notice stating the time and place of the hearing in accordance with Federal Rule of Civil Procedure 4. (*Id*.)

On May 17, 2016, the court entered a minute order directing Petitioner to file a proof of service of the Petition and notice of the time and place of the hearing on the expected adverse parties. (ECF No. 5.) On May 18, 2016, the United States Government filed its response to the Petition. (ECF No. 6.) On May 20, 2016, Petitioner filed a proof of service. (ECF No. 7.)

The court held a hearing on May 25, 2016. Petitioner appeared on his own behalf. Gregory Addington, Esq., appeared on behalf of the United States. Victoria Oldenburg, Esq., specially appeared on behalf of the Reno-Sparks Indian Colony (RSIC), indicating that RSIC had not waived sovereign immunity and noted RSIC's objection to the court exercising jurisdiction over it.

After hearing argument, the court granted the Petition and issues the instant written Order.

## II. THE PETITION & THE UNITED STATES' RESPONSE

The Petition seeks an order authorizing Petitioner to inspect RISC Tribal Police Department documents in anticipation of a Federal Tort Claims Act (FTCA) suit that Petitioner anticipates filing. (ECF No. 1 at 1.) It goes on to state that Petitioner was employed as a police officer with the RSIC Tribal Police Department, and learned that Chief of Police Darrell Bill was hiring officers, including Josh Kautz, John Miller, Salvador Ochoa, Gerard Jim and Karl Frederick, without conducting proper background investigations in violation of the Nevada Administrative Code as well as department policies and procedures. (*Id*. at 2.) Petitioner filed an anonymous complaint against Bill on this issue, and Bill required the tribal prosecutor to obtain an investigative subpoena from the tribal court to learn the identity of the Internet Provider (IP) address associated with the complaint, asserting that the complaint contained false allegations of misconduct. (*Id*.) The subpoena linked the complaint to Petitioner's brother-in-law, and then to Petitioner. (*Id*.) Petitioner states that he was subsequently terminated from his employment for filing the complaint. (*Id*.) On February 24, 2016, Petitioner notified the Department of Interior that he sought to file an FTCA claim against the United States for abuse of process and intentional infliction of emotional distress by a law officer acting under Public Law 93-638. (*Id*.)

Petitioner contends he is unable to bring the FTCA action at this time because federal law requires that the United States be given six months to process the claim prior to the filing of a lawsuit, which will run in August 2016. (ECF No. 1 at 3.)

Petitioner identifies the following as having an interest adverse to him in the anticipated suit: The United States Goverment; RSIC, Tribal Council/Staff Attorney; and RSIC Tribal Police Department, Chief of Police Bill. (*Id*.)

He requests an order authorizing him to examine the personnel and background investigation files for current and former RSIC police officers: Josh Kautz, John Miller, Salvador Ochoa, Karl Frederick, and Gerard Jim. (*Id*. at 4.) Specifically, he wishes to examine the following information in those files: hiring date, polygraph or computer voice stress analysis completion date, psychological evaluation completion date, physical agility completion date, medical evaluation completion date, and employment history verification completion date, which

relate to his claims that these officers were hired and performed duties without completing these required items, and that Police Chief Bill's requested investigative subpoena was made under false pretenses. (*Id*. at 4.)

Petitioner asserts that he needs to perpetuate the documents because failure to do so may result in the destruction of the documents prior to the time he can bring his FTCA suit because there is a records retention policy of three years for records relevant to the 638 contract, and five years if federal funds are used in the contract. (*Id*. at 5.) He contends that Kautz, Miller, Frederick and Ochoa were hired in 2013, and the three-year mark is approaching. (*Id*.)

The United States objects to the Petition on the basis that Rule 27 governs a request to perpetuate *deposition testimony*, and not a request to inspect records. (ECF No. 6.)

### III. DISCUSSION

**A. Service**

The court will first address whether the Petition and notice of time and place of hearing were properly served.

"At least 21 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. The notice may be served either inside or outside the district or state in the manner provided in Rule 4." Fed. R. Civ. P. 21(a)(2).

The Indian Self-Determination and Education Assistance Act of 1975 (ISDEAA), 25 U.S.C. § 450, *et. seq.*, often referred to as Public Law No. 93-638, authorizes federal agencies to contract with Indian tribes to provide services on the reservation. *See* 25 U.S.C. § § 450-450n. These contracts are referred to as "self-determination contracts" or "638 contracts." They are contracts "between a tribal organization and the [Federal Government] for the planning, conduct and administration of programs or services which are otherwise provided to Indian tribes and their members pursuant to Federal law." 25 U.S.C. § 450b(j). There are several categories of contractible services or programs in the statute, one of which concerns the provision of police force and law-related law enforcement functions on Indian lands. 25 U.S.C. § 450f(a)(1)(B). The parties acknowledge that the ISDEAA, as amended, allows recovery under the FTCA for certain

1   claims arising out of the performance of 638 contracts, and that for purposes of the FTCA, a
2   tribe, tribal organization or contractor is deemed to be a part of the Bureau of Indian Affairs
3   while acting within the scope of their employment in carrying out the contract.
4         The FTCA is the exclusive remedy for monetary damages for injuries "caused by the
5   negligent or wrongful act or omission of any employee of the government while acting within
6   the scope of his office or employment, under circumstances where the United States, if a private
7   person, would be liable to the claimant in accordance with the law of the place where the act or
8   omission occurred." 28 U.S.C. § 1346(b)(1).
9         In an action arising under the FTCA, the United States, and not the individual(s) whose
10  conduct is at issue, is the only proper defendant. 28 U.S.C. § 2679(d)(1). Therefore, the United
11  States would be the only adverse party in the FTCA action contemplated by Petitioner, and he
12  conceded as much as the hearing. Petitioner timely and properly served the United States
13  pursuant to Federal Rule of Civil Procedure Rule 4(i). (*See* ECF No. 7.)

**B. The Petition Satisfies the Requirements Set forth In Rule 27(a)(1)**

      Pursuant to Federal Rule of Civil Procedure 27, a person may file a verified petition about any matter cognizable in a United States Court in the district court where any expected adverse party resides. Fed. R. Civ. P. 27(a)(1). The petition must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> (B) the subject matter of the expected action and the petitioner's interest;
> (C) the facts that the petitioner wants to be established by the proposed testimony and the reasons to perpetuate it;
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1)(A)-(E).

      Petitioner asserts he expects to bring an FTCA claim, but cannot presently bring it due to administrative requirements. He is correct that a person cannot institute an FTCA action until he has presented the claim to the appropriate federal agency and the agency makes a final written denial. 28 U.S.C. § 2675(a). The federal agency has six months to make a determination, and if it

1  fails to do so, it may be deemed a final denial so that the individual may file suit. *Id*. Thus, he has
2  satisfied the first requirement.
3      Petitioner has adequately set forth the subject matter of the expected action and his
4  interest. (*See supra,* pp. 2-3.)
5      He has likewise sufficiently addressed the facts that he wants to be established by the
6  proposed testimony (the purported failure of the police chief to conduct required background
7  checks and other tests prior to employing various officers, and that the police chief's requested
8  investigative subpoena was made on false pretenses), and the reasons to perpetuate it (the
9  upcoming retention deadlines).
10     He has listed the names or a description of the persons whom the petitioner expects to be
11 adverse parties and their addresses. (*See* ECF No. 1 at 3.)
12     Rule 27(a)(1)(E) also states that the petition should include the name, address and
13 expected substance of the testimony of each deponent. In this instance, Petitioner does not seek
14 to depose anyone, rather he seeks the perpetuation of documentary evidence contained within the
15 employment files of various current and former RSIC police officers. The United States objects
16 to the Petition on the basis that Rule 27 governs a request to perpetuate *deposition testimony*, and
17 not a request to inspect records. (ECF No. 6.)
18     On its face, Rule 27 authorizes depositions and not document requests; however, some
19 courts, including the Ninth Circuit, have held that the rule allows for the perpetuation of
20 documentary and physical evidence. *See Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 56 (9th
21 Cir. 1961); *see also Application of Deiulemar Compagnia Di Navigazione S.p.A. for*
22 *Perpetuation of Certain Evidence*, 198 F.3d 473, 478 (4th Cir. 1999) (inspection of ship engine
23 repairs); *In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. 349, 352 (D. Minn. 2007)
24 (inspection of bridge collapse site); *Lucas v. Riddle*, 2004 WL 1084719 (D. Conn. 2004)
25 (petition to obtain DNA test results). In *Tennison v. Henry*, 203 F.R.D. 435, 440-41 (N.D. Cal.
26 2001) (court allowed document production along with the depositions sought).
27 ///
28 ///

> It may frequently occur that the only thing likely to be lost or concealed is a paper or object that should be subject to inspection, etc., under Rule 34... . In such cases, the party seeking to perpetuate such evidence should not be required to couple his request with a request that a deposition be taken. We do not think that the language of amended Rule 27(a)(3) compels such a requirement.

*Martin*, 297 F.2d at 56.

As a result, the court finds Petitioner's request, even though it does not seek deposition testimony, but the inspection (or preservation) of documents, is proper under Rule 27.

Petitioner clarified at the hearing that an order to preserve these records rather to inspect them would satisfy his request. There is "wide discretion lodged in the trial judge" in issuing orders under Rule 27. *Martin,* 297 F.2d at 57. This suggests that an order to preserve, rather than produce, documentary evidence would fall within the broad authority of the rule. *See, e.g., Four Directions v. Committee on Judicial Conduct and Disability of the Judicial Conference of the United States*, Case No. 14-cv-03022-YGR, 2015 WL 1254765 (N.D. Cal. Mar. 18, 2015), *vacated on other grounds in* 2015 WL 3409469 (N.D. Cal. May 27, 2015).

Therefore, the court orders that the documents identified in the Petition (ECF No. 1 at 4), be preserved. In the event Plaintiff files his FTCA action, he can serve an appropriate discovery request for the information sought, and in the interim will not have to worry about its destruction under any records retention policy.

**IT IS SO ORDERED**.

May 31, 2016

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE